Compeco Dye Works, Inc. v. Commissioner.
Compeco Dye Works v. Commissioner
Docket No. 3066.
United States Tax Court
1944 Tax Ct. Memo LEXIS 179; 3 T.C.M. (CCH) 778; T.C.M. (RIA) 44232; July 19, 1944
*179 C. F. Rothenburg, Esq., 1000 Shoreham Bldg., Washington, D.C., and Walter A. Edwards, Jr., C.P.A., for the petitioner. Lloyd W. Creason, Esq., for the respondent. STERNHAGEN Findings of Fact and Memorandum Opinion The Commissioner determined deficiencies for 1941 of $1,893.61 in income tax, $1,911.63 in declared value excess profits tax and $4,397.20 in excess profits tax. The petitioner assails the disallowance of $13,000.20 of the $33,000.20 salaries paid to officers. Findings of Fact The petitioner was organized on May 10, 1927, under the laws of Virginia, with an authorized capital of 500 shares of the par value of $100 a share, to operate a dyeing, cleaning, pressing and laundry business in Norfolk. J. H. Powers, secretary and a director, owned 250 shares, Charles Gygi, president, treasurer and director, owned 249 shares and M. V. Gygi, his wife, a director, owned one share. Gygi, since 1906, and Powers, since 1911, have been employed in various capacities in the dry cleaning and dyeing business. In 1927, petitioner was organized to take over a prior partnership business. One hundred ninety-nine shares were issued to Gygi, one share to his wife, and 200 shares to Powers. *180 On May 25, 1939, an additional 50 shares of each were issued to Gygi and Powers. In 1927, petitioner owned a plant consisting of a story and a half building covering about 1,000 square feet. It operated three branch stores, employed about 50 persons and had about six to eight trucks. In 1941, it operated ten branch stores, seven of which were opened during 1929 and 1930, employed from 125 to 130 persons, and had about twelve trucks. The petitioner's net sales, gross income, net income before officers' compensation, officers' salaries, net income or loss, dividends paid, and surplus or deficit at beginning of year were as follows: Officers'
Compensa-
tion Not
Net
Including
Income
Bonuses
Before
1/2 to
Officers'
Powers
Net
Net
Gross
Compensa-
and 1/2 to
Income
Dividends
Year
Sales
Income
tion
Gygi
or (Loss)
Paid
1927 (June
13 to
Dec. 31 -
6 1/2 months)
$59,867.10
$39,454.74
$14,172.76
$10,769.22
$ 3,403.54
1928
104,459.82
61,751.01
13,522.34
11,600.00
1,922.34
1929
104,130.57
48,026.58
10,641.97
6,400.00
4,241.97
1930
107,012.19
65,558.37
9,892.14
8,000.00
1,892.14
1931
113,089.31
73,075.47
13,150.54
9,000.00
4,150.54
1932
99,670.97
51,172.81
7,648.89
7,800.00
(151.11)
1933
95,487.15
42,391.34
7,892.96
8,040.00
(147.04)
1934
100,969.20
51,668.50
9,178.40
10,400.00
(1,221.60)
1935
103,149.25
59,282.89
9,211.74
10,400.00
(1,188.26)
1936
128,090.66
64,043.65
13,867.78
12,000.00
1,867.78
$ 2,400.00
1937
132,851.48
59,981.86
10,743.45
12,000.00
(1,256.55)
1938
139,915.86
67,926.05
19,749.70
12,000.00
1,249.70
1939
153,677.59
73,000.24
16,138.10
12,000.00
(861.90)
1940
179,880.69
89,958.85
29,620.32
25,000.00
4,620.32
1941
240,530.74
122,459.15
48,099.71
30,000.20
15,099.51
*181 Surplus or
(Deficit)
Beginning
Year
of Year
1927 (June 13
to Dec. 31 - 6 1/2 months)
1928
$ 3,449.78
1929
4,799.39
1930
8,714.26
1931
7,318.87
1932
9,749.38
1933
9,658.61
1934
9,436.90
1935
7,896.23
1936
5,733.76
1937
(1,176.80)
1938
(2,751.45)
1939
(2,168.09)
1940
(3,493.03)
1941
51.05
Except for $2,400 paid in 1936, no dividends were paid by petitioner from 1927 to 1941, inclusive. At the end of 1938, 1939 and 1941, in addition to salary, Powers and Gygi were each paid a bonus of $3,250, $2,500 and $1,500. The bonuses of 1938 and 1939 were paid as additional compensation for 1929 to 1933, inclusive. A price war in the dry cleaning business in Norfolk began in 1929 and ended in 1933. The salaries of Powers and Gygi were reduced. A reasonable allowance to Gygi and Powers for services actually rendered in 1941 is no more than $10,0000 for each. Powers had charge of the outside work, consisting of the supervision of selling, advertising, the ten branch stores and trucks, and the adjustment of claims. Gygi had charge of the inside work, consisting of the supervision of the dry cleaning, dyeing, spotting and maintenance of the plant. They devoted on *182 the average ten hours a day to the business. The business was in excess of that of any dry cleaning establishment in Virginia. From 1939 to 1942, the volume of all dry cleaning business in Norfolk increased. At the regular meeting held on June 6, 1941, the directors fixed the salary for Powers and Gygi for 1941 at $15,000 each. A bonus of $1,500 to each was authorized at a special meeting on December 10, 1941. Powers and Gygi each included the amount of $16,500 in his individual income tax return for 1941. No adjustment has been made by the Commissioner to deductions taken by petitioner for officers' salaries for years prior to 1940. For 1940, the Commissioner disallowed the deduction of $5,000 of the total of $25,000 taken by petitioner in its return, which disallowance has not been agreed to by petitioner. Memorandum Opinion STERNHAGEN, Judge: In its return for 1941, the taxpayer took a deduction of $33,000 as "a reasonable allowance for salaries or other compensation for personal services actually rendered" (Section 23 (a) (1) (A), Internal Revenue Code) by its two officers, Gygi and Powers. Of this, the Commissioner disallowed $13,000 on the ground that so much was in excess *183 of a reasonable allowance for salaries to these two officers. The taxpayer contests the disallowance. Under these circumstances, the Commissioner's determination being presumptively correct, the burden is upon the contesting taxpayer to establish affirmatively that the amounts actually paid were no more than reasonable compensation for the services actually performed; and, since the two officers are the only shareholders, this burden must include proof that the amounts paid to them as salaries are to no extent distributions of dividends. A corporation seeking to prove, over a contrary determination of the Commissioner, that amounts paid in the form of salaries to its employees, who are also its only shareholders, are no more than reasonable compensation for services performed, has an especially onerous burden, for it is but a matter of words to such officer-shareholders whether the amount paid to them out of gross income of the current year is called salary or dividends. In either case the individuals must include them in taxable income, but if they are salaries they serve as deductions to reduce the corporation's taxable income and if dividends, they do not. The evidence has been *184 carefully considered, and it does not, in our opinion, establish that the Commissioner's determination is in error. Essentially, only two justifications for the increase in 1941 over the amounts paid in prior years are offered, - (1) that the amount of the corporation's business was increasing and was greater in the tax year than ever before, and (2) that the compensation paid in 1941 was no more than enough to make up for inadequate salaries paid in the depression years. Neither of these propositions would demonstrate that the amounts paid are no more than reasonable for the services performed. The same reasoning might apply to justify any amounts. The directors would have found it difficult to explain to the shareholders, if they had been other than employees, that it was reasonable to raise the salaries of the officers to keep pace with increasing earnings while paying little or nothing in dividends on the shares, when the amounts were greater than the employees had ever been paid before, and the preceding four years showed deficits and only one small dividend had ever been paid. Nor are we convinced that the salaries of earlier years were too low, and that the 1941 payments *185 were only compensation for those years notwithstanding the opinion of the two officers to that effect. Unlike the salaries in Lucas v. Ox Fibre Brush Co., 281 U.S. 115, which involved no consideration of amounts paid to shareholder-officers, the amounts paid as salaries for 1941 were not recognized in the resolutions authorizing them as being compensation for earlier years, and the officers' testimony now long after the event is not convincing. This is not a substitution of the judgment of the Court for that of the directors, but rather that the judgment of the directors has not been demonstrated to have been more reasonable that the determination of the Commissioner. The testimony of the one witness that in his opinion the amounts paid were no more than reasonable compensation is not convincing, for the witness did not demonstrate knowledge of the services performed, and no evidence was introduced of any comparable services or salaries. The evidence fails to establish that the Commissioner was in error in the determination that the amount in excess of $20,000 was an excessive deduction. Decision will be entered for the respondent.